**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

**JOHN DOE,**

**Plaintiff,**

**v.**

**CLEARSTAR, INC.,**

**Defendant.**

**Case No. 1:26-cv-569**

**JUDGE DOUGLAS R. COLE**

**ORDER**

Plaintiff John Doe is suing Defendant ClearStar, Inc., for violating the Fair Credit Reporting Act (FCRA). (Compl., Doc. 1, #1). Specifically, he alleges that ClearStar violated the FCRA by publishing his expunged criminal record to a potential employer as part of a background check and then failing to correct that record within the FCRA's mandated time-period. (*Id.* at #1–2). John Doe is of course not Plaintiff's real name. (Doc. 2, #22). But he seeks leave to proceed under that pseudonym to protect himself from the public disclosure of his expunged criminal record at issue in this case. (Doc. 2-1, #25). It has now been over two months since Plaintiff filed the motion, and ClearStar has not responded, so the Court treats the request as unopposed. But because the public has an interest in open judicial proceedings, a defendant's failure to oppose is not enough on its own. Ultimately though, for the reasons below, the Court finds that the facts here warrant anonymity. So the Court **GRANTS** Plaintiff's Motion for Leave to Proceed Anonymously (Doc. 2).

Federal Rule of Civil Procedure 10(a) plainly requires that a complaint "name all the parties." But courts nonetheless "may excuse plaintiffs from identifying

themselves in certain circumstances." *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004). Those circumstances, though, are narrow, and that is by design. "[P]roceeding pseudonymously is the exception rather than the rule." *C.S. v. Stay Inn*, No. 3:25-cv-2322, 2026 WL 73819, at *1 (N.D. Ohio Jan. 9, 2026) (quoting *Doe v. Franklin Cnty.*, 2:13-cv-503, 2013 WL 5311466, at *2 (S.D. Ohio Sept. 20, 2013)); *see also, e.g.*, *Doe v. Ky. Cmty. & Tech. Coll. Sys.*, No. 20-6, 2020 WL 998809, at *2 (E.D. Ky. Mar. 2, 2020) (same).

The overarching inquiry when facing such a request is whether the plaintiff's "privacy interests substantially outweigh the presumption of open judicial proceedings." *Porter*, 370 F.3d at 560. In resolving that question, a court should consider at least the following four factors[1]:

> (1) whether the plaintiffs seeking anonymity are suing to challenge governmental activity; (2) whether prosecution of the suit will compel the plaintiffs to disclose information "of the utmost intimacy"; (3) whether the litigation compels plaintiffs to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether the plaintiffs are children.

*Id.* (citing *Doe v. Stegall,* 653 F.2d 180, 185–86 (5th Cir. 1981)).

Having considered those factors here, the Court finds that Plaintiff has shown that he is entitled to proceed pseudonymously. While the first, third, and fourth factors do not apply to this case, the second factor strongly weighs in Plaintiff's favor. Specifically, the Court finds that forcing Plaintiff to publicly associate himself on the docket with his expunged criminal record constitutes disclosure of intimate

[1] The Court says "at least" because *Porter* does not suggest this list is exhaustive.

information. *Doe v. Inflection Risk Sols., LLC*, No. 2:25-cv-11130, 2025 WL 1447372, at *1 (E.D. Mich. May 20, 2025) ("[T]he fact that one has been convicted when that conviction has been set aside and the record sealed from public discourse is 'of the utmost intimacy.'" (quoting *Doe I-VIII v. Sturdivant*, No. 06-10214, 2006 WL 8432896, at *2 (E.D. Mich. Apr. 7, 2006))). Indeed, as other courts have acknowledged in granting similar motions to proceed anonymously, "[a] criminal record is one that carries a very negative connotation in society which can be embarrassing and humiliating if that information becomes public." *Doe v. Ronan*, No. 1:9-cv-243, 2009 U.S. Dist. LEXIS 147007, at *2 (S.D. Ohio June 4, 2009) (citing *Porter*, 370 F.3d at 560). And that potential embarrassment outweighs any public interest in disclosure when the record is expunged. *Id.* at *3–4. In fact, expunged criminal records are records that the lawmaking process has *already determined* warrant shielding from the public view. *Id.* at *3 (explaining that expunged records are not publicly available).

Those concerns are particularly cogent here, as denying Plaintiff permission to proceed anonymously would undermine the very relief he seeks—preventing the improper publication of his expunged convictions. *Inflection Risk Sols.*, 2025 WL 1447372, at *1 (granting a motion to proceed anonymously where, like here, a plaintiff sued under the FCRA for wrongful reporting of his expunged criminal record). So, the Court finds that Plaintiff's interest in remaining anonymous outweighs any interest the public has in knowing his identity and thus grants the motion.

## CONCLUSION

For the reasons discussed above, the Court **GRANTS** the Motion for Leave to Proceed Anonymously (Doc. 2). The parties shall refer to Plaintiff by the pseudonym "John Doe" in all filings and public proceedings. Any filings which necessarily include Plaintiff's personally identifying information may only be filed under seal and must be accompanied by a motion to file under seal.

**SO ORDERED.**

August 19, 2026
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**